# In the United States Court of Federal Claims

NATASHA RUMSEY, *et al.*,

                Plaintiffs,

    v.

THE UNITED STATES, *et al.*,

                Defendants.

No. 25-cv-0648
(Filed:  June 20, 2025)

## OPINION AND ORDER

On April 14, 2025, Plaintiffs Natasha Rumsey and Education 1st Learning Center (collectively "Ms. Rumsey"), proceeding pro se,[1] filed a Complaint seeking damages for the violation of her constitutional rights related to the denial of her applications for grant funding. *See* Compl., ECF No. 1.  In the Complaint, Ms. Rumsey alleges that various state or local defendants who receive federal funding or participate in federally covered programs violated her civil and constitutional rights through "the unlawful taking of business assets and intellectual property for public use without just compensation." *Id.* at 2.  Ms. Rumsey further asserts claims for "discriminatory practices, misuse of federal funds, and improper exclusion from federally funded opportunities." *Id.* at 3.  Ms. Rumsey contends that the Court has jurisdiction over those claims because the alleged harms are "attributable to federal actions or federally funded programs." *Id.*  For the reasons stated below, the Court finds it does not have jurisdiction to hear Ms. Rumsey's claims against state or local entities merely because they participate in federal programs.  Accordingly, the Court must **DISMISS** Ms. Rumsey's Complaint.[2]

Ms. Rumsey's claims arise from her participation in state and local programs funded in part by Community Development Block Grants ("CDBG") issued by the Department for

---

[1] Ms. Rumsey contemporaneously filed motion for leave to proceed *in forma pauperis*. *See* ECF No. 2.  A pro se plaintiff's burden of demonstrating an inability to pay under 28 U.S.C. § 1915(a)(1) is not heavy.  Being "unable to pay such fees," as contemplated by the statute, "means that paying [the filing] fees would constitute a serious hardship on the plaintiff." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007).  Based on the information contained in Ms. Rumsey's motion, she is eligible to proceed *in forma pauperis*, and her motion for leave to proceed *in forma pauperis*, ECF No. 2, is **GRANTED**.

[2] Defendant's response to Ms. Rumsey's Complaint is currently due June 23, 2025.  On June 9, 2025, Defendant filed a Motion for Enlargement of Time to File Response to Complaint. ECF No. 6.  However, because the Court is dismissing the Complaint for lack of subject matter jurisdiction, Defendant's Motion, ECF No. 6, is effectively **MOOT**.

Housing and Urban Development ("HUD"). *See generally* Compl. at 5–21. Between 2001 and 2018, Ms. Rumsey was employed by the Corona Norco Unified School District ("CNUSD") as a teacher and substitute teacher. *Id.* at 14, 19. Ms. Rumsey alleges that CNUSD misappropriated her intellectual property and engaged in employment discrimination and retaliation against her, among a litany of other perceived slights. *Id.* at 7–25. Ms. Rumsey also developed various educational programs and grant proposals, which she unsuccessfully submitted to the City of Corona, Riverside County, Inland Empire Women's Business Center ("IEWBC"), and others, with the intent of securing federal funding. *Id.* at 7, 10, 15, 18. CNUSD, the City of Corona, Riverside County, IEWBC, and the other named defendants in this suit,[3] all allegedly receive federal funds or participate in federally covered programs, including the CDBG program. *Id.* at 4–5. Ms. Rumsey thus alleges that she "applied for US Housing Urban and Developments [*sic*], Community Development Block Grant (CDBG) but was unjustly denied despite eligibility. Her grant proposals were awarded to others, who used her work without credit." *Id.* at 6. Ms. Rumsey alleges no direct contacts with or actions by HUD officers or employees. Ms. Rumsey requests damages in the amount of $49,000,000. *See* ECF No. 1-1.

Pro se plaintiffs, such as Ms. Rumsey, are held to a less stringent standard than plaintiffs with attorney representation; however, Ms. Rumsey still bears the burden of establishing the Court's jurisdiction. *See Hale v. United States*, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met."); *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rules of the United States Court of Federal Claims ("RCFC") 12(h)(3); *see also* RCFC 12(b)(1) (dismissal for lack of subject matter jurisdiction; *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the [C]ourt *sua sponte*." (citing *Fanning, Philips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).

The Court derives its power primarily from the Tucker Act, which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v.*

---

[3] Aside from the United States, the other defendants named in Ms. Rumsey's Complaint include: Riverside County Federally Protected Activities, HUD, IEWBC, Cal State University San Bernadino, Corona Norco United Way, YMCA of Corona, and Corona Chamber of Commerce. Compl. at 1, 4–5. It is not apparent whether Ms. Rumsey intends to assert claims against each individual defendant, although she does assert two conspiracy counts vaguely directed at all defendants. *Id.* at 30, 40.

*Testan*, 424 U.S. 392, 398 (1976).  Therefore, to establish that a case falls within this Court's limited jurisdiction, plaintiffs must base their claims on a substantive law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Doe v. United States*, 463 F.3d 1314, 1324 (Fed. Cir. 2006).  This is commonly referred to as a "money-mandating" statute.  *Id.*

At the outset, the Court lacks subject matter jurisdiction over Ms. Rumsey's claims involving state, local, and private entities.  The Court's statutory authority is limited to claims against the federal government.  *See* 28 U.S.C. § 1491(a)(1) (restricting jurisdiction to "any claim *against the United States*" (emphasis added)); *Curie v. United States*, 163 Fed. Cl. 791, 808–09 (2022) ("It is well established that [the Court of Federal Claims] lacks jurisdiction to hear claims against state, local officials, or private individuals or entities, who are not federal employees.") (collecting cases).  Complaints naming "private parties, or local, county, or state agencies, rather than federal agencies," are outside of this Court's jurisdiction.  *Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007).  Where the "relief sought is against others than the United States," then the suit "must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood,* 312 U.S. 584, 588 (1941).  Although Ms. Rumsey nominally lists the United States as one of multiple defendants, almost every factual allegation focuses on the acts of non-federal entities.  *See generally* Compl. 4–21.  Consequently, Ms. Rumsey's Complaint must be dismissed for lack of jurisdiction as she primarily brings claims against state, local, private, and other non-federal entities.  *See* 28 U.S.C. § 1491(a); *Sherwood*, 312 U.S. at 588.

To the extent Ms. Rumsey's Complaint can be construed as asserting contract claims against HUD, a federal agency, there are several roadblocks in her way.  The Court only has jurisdiction over claims against the United States in narrow situations, such as claims stemming from contracts or money-mandating statutes. *See* 28 U.S.C. § 1491(a)(1); *Testan*, 424 U.S. at 398.  Ms. Rumsey identifies neither.  Although Ms. Rumsey asserts a breach-of-contract claim, she simultaneously concedes that she "received no formal contract or payment."  Compl. at 23–24.  Indeed, Ms. Rumsey never alleges that she submitted any proposals directly to HUD, or that she ever had any contacts with HUD officers or employees.  Instead, Ms. Rumsey alleges that the United States, "through its federally funded programs and agencies," misappropriated her grant proposals and intellectual property for public use without just compensation.  *Id.* at 21.  Her factual allegations further clarify that those proposals "were submitted in good faith to *local and state* agencies for program participation." *Id.* at 22 (emphasis added).  Ms. Rumsey then alleges "that the City of Corona and other entities, including CNUSD, United Way, YMCA, and IEWBC, had unlawfully used [her] business plans, proposals, and intellectual property." *Id.*  The only apparent connection to HUD is that the named state, local, and private entities all allegedly received or administered CDBG funding at some point. *See, e.g.*, *id.* at 5–7, 10.  Thus, in her view, the United States was "acting through state and local agents." *Id.* at 27, 42.  But this view is unsupported by case law.

It is well-established that "the federal government's conditioning a state or locality's receipt of federal funds on the state's taking a particular action does not make that state or locality an agent of the federal government." *B&G Enters., Ltd. v. United States*, 220 F.3d 1318, 1323 (Fed. Cir. 2000) (citing *Griggs v. Allegheny Cty.*, 369 U.S. 84, 89 (1962)).  Moreover,

under the statute that governs CDBG funding, HUD is only "authorized to make grants to States, units of general local government, and Indian tribes to carry out activities in accordance with the provisions of this chapter." 42 U.S.C. § 5303. Other courts reviewing CDBG funding disputes have noted that "[t]he municipal grantee of CDBG funds is largely in control of disbursement." *Guertin v. United States*, 743 F.3d 382, 386 (2d Cir. 2014). Ms. Rumsey is thus ineligible to receive CDBG funds directly from HUD by statute.[4] And merely because state, local, or private entities administer or have received CDBG funding in some manner does not convert those entities into agents of the federal government. *See B&G Enters.*, 220 F.3d at 1323. Even assuming she has adequately alleged the existence of a contract, any contract claims Ms. Rumsey may have can only be asserted against entities outside this Court's jurisdiction.

Further, Ms. Rumsey does not allege any actions—lawful or otherwise—by HUD or any other federal officers or employees. At most, Ms. Rumsey alleges that at some point she "submitted civil rights and whistleblower complaints to multiple federal and state agencies, including HUD," with the implication that her due process rights were violated when those complaints were "ignored or denied." Compl. at 12. However, Ms. Rumsey has not identified a "substantive right enforceable against the United States for money damages." *Testan*, 424 U.S. at 398. The Tucker Act does not provide jurisdiction for claims based on the Due Process or Equal Protection clauses of the Fifth and Fourteenth Amendments as they do "not mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Judicial review of Ms. Rumsey's allegations of civil rights violations, under 42 U.S.C. §§ 1981, 1983, 1985, and others,[5] also rests exclusively with the district courts. *See Shelden v. United States*, 742 Fed. App'x 496, 501–02 (Fed. Cir. 2018); *Marlin v. United States*, 63 Fed. Cl.

---

[4] To the extent Ms. Rumsey intends to assert violations of procurement laws under the Competition in Contracting Act, 41 U.S.C. § 3301 (formerly codified at 41 U.S.C. § 253), and Federal Acquisition Regulations, she lacks standing as she has not identified any contract bid submitted to HUD, nor could she as CBDG funding may only be awarded to states and municipalities by statute. *See, e.g.*, *Savantage Fin. Servs., Inc. v. United States*, 81 Fed. Cl. 300, 305–06 (2008) (noting that CICA violations may only be asserted by "interested party" to contract award, and "a plaintiff must first demonstrate that it is an actual or prospective bidder"). Ms. Rumsey does not assert a bid protest action, and she does not allege that jurisdiction over her claims would be proper under 28 U.S.C. § 1491(b)(1). Even then, Ms. Rumsey does not allege that she submitted any proposals for CDBG funding after 2016, *see* Compl. at 5–6, placing any possible claims far beyond the Court's strict six-year statute of limitations, *see* 28 U.S.C. § 2501. *Cf. Inserso Corp. v. United States*, 961 F.3d 1343, 1349 (Fed. Cir. 2020) (noting even more stringent restrictions on timeliness apply to bid protests).

[5] Ms. Rumsey additionally cites the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a; Equal Educational Opportunities Act, 20 U.S.C. § 1703; and Title VI of the Civil Rights Act, 42 U.S.C. § 2000d. Compl. at 26–27, 34. "It is well established, however, that racial discrimination claims, and other civil rights claims, are not within the jurisdiction of this court." *Jarvis v. United States*, 154 Fed. Cl. 712, 717 (2021) (citing *Daniels v. United States*, 59 Fed. Cl. 506, 507 (2004)). For the same reasons, the Court lacks jurisdiction over those discrimination claims.

475, 476 (2005).  The Court therefore lacks jurisdiction over Ms. Rumsey's civil rights claims against HUD because there is no applicable money-mandating statute[6] on which she can base her claims.

In sum, although the Court recognizes Ms. Rumsey's frustrations with her former employer and the CDBG funding process, it lacks authority to review this matter.  Therefore, the Court must dismiss the Complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and 12(h)(3).[7]

---

[6] Ms. Rumsey also appears to assert claims under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1832, 1836; Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; and Lanham Act, 15 U.S.C. § 1125(a).  Compl. at 34–39.  For the same reasons as stated above, Ms. Rumsey does not allege that HUD or any federal entity committed any of the alleged violations.  Even then, none of the cited statutes are money-mandating statutes, and the Court lacks jurisdiction over those claims.  *See, e.g.*, Zaccari v. United States, 142 Fed. Cl. 456, 459 (2019) (dismissing DTSA claim for lack of jurisdiction); *Gray v. United States*, No. 15-399, 2015 WL 6384736, at *2 (Fed. Cl. Oct. 20, 2015) (dismissing claims for theft of trade secrets); *Liberty Ammunition, Inc. v. United States*, 101 Fed. Cl. 581, 591 (2011) (no jurisdiction for Lanham Act claims); *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 68–69 (1st Cir. 2002) (finding no express or implied right of action under FERPA).

[7] The Court also considers whether transfer of the action, as opposed to dismissal for lack of subject matter jurisdiction, would be "in the interest of justice."  28 U.S.C. § 1631.  The test for determining whether transfer is appropriate is simply whether the claims "are nonfrivolous and as such should be decided on the merits." *Ewers v. United States*, 168 Fed. Cl. 812, 818 (2024) (quoting *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987)).  However, transfer is inappropriate here because Ms. Rumsey represents that she "plans to file a civil lawsuit in district court" based on the same factual allegations.  Compl. at 8.  The Court is unaware whether Ms. Rumsey has already filed another action in district court, although the existence of a pending lawsuit on the same facts may be separate grounds supporting dismissal of this action.  *See* 28 U.S.C. § 1500; *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 311 (2011) ("The [Court of Federal Claims] has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents.").  Regardless, in light of these representations, the Court in its discretion does not find transfer to be "in the interest of justice."  The Court takes no position on whether Ms. Rumsey's claims are frivolous.

## CONCLUSION

For the reasons set forth above, the Court does not have subject matter jurisdiction over Ms. Rumsey's claims, and they are subject to dismissal pursuant to RCFC 12(b)(1) and 12(h)(3). Accordingly, the Court hereby **GRANTS** Ms. Rumsey's motion to proceed *in forma pauperis*, ECF No. 2, and **DISMISSES** her Complaint, ECF No. 1, for lack of subject matter jurisdiction. Further, Defendant's Motion for Enlargement of Time, ECF No. 6, is **DENIED** as **MOOT**. The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED.**

_____
ROBIN M. MERIWEATHER
Judge